Filed 11/15/22  P. v. Gomez CA4/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

OPINION AFTER TRANSFER FROM THE CALIFORNIA SUPREME COURT

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOANNA CHRISTINE GOMEZ,<br><br>  Defendant and Appellant. | D076101<br><br><br>(Super. Ct. No. RIF128455) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded with directions.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Julie L. Garland and Charles Ragland, Assistant Attorneys General, Arlene A. Sevidal, Lynne McGinnis and Andrew Mestman, Deputy Attorneys General for Plaintiff and Respondent.

In 2009, a jury convicted Joanna Christine Gomez of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true special-circumstance allegations that the murder was committed during a robbery and kidnapping (§ 190.2, subd. (a)(17)(A), (B)). The trial court sentenced her to life without the possibility of parole. This court affirmed the convictions and findings in 2011. (*People v. Gomez* (Dec. 13, 2011, D056959) [nonpub. opn.].) After our opinion, the California Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), in which the court set out guidance on factors that must be considered by a jury in felony-murder special-circumstance sentencing enhancements. *Banks* substantially clarified the law as to whether a defendant was a major participant in the underlying felony. (*People v. Strong* (2022) 13 Cal.5th 698, 721 (*Strong*); see *Banks*, at pp. 797-804.) Thereafter, in *Clark*, the court substantially clarified the relevant considerations for determining whether a defendant acted with reckless indifference to human life. (*Strong*, at p. 721; see *Clark,* at pp. 611-623.)

In 2020, we affirmed the trial court's summary denial of Gomez's 2019 petition for resentencing under former section 1170.95 (now section 1172.6.)[2] (*People v. Gomez* (2020) 52 Cal.App.5th 1, disapproved in *Strong, supra*, 13 Cal.5th at pp. 709-710.) We held Gomez's record of conviction established as a matter of law that she was ineligible for section 1172.6 relief; that by finding the robbery and kidnapping special-circumstance allegations true, the jury "necessarily found that Gomez either participated in the alleged robbery

---

[1]   Undesignated statutory references are to the Penal Code.

[2]   The Legislature amended section 1170.95 and renumbered it as section 1172.6 without substantive change (Stats. 2022, ch. 58, § 10). We refer to section 1172.6 in this opinion.

and kidnapping with the intent to kill [the victim], or that she was a major participant in those crimes who acted with reckless indifference to [the victim's] life," allowing Gomez to be convicted of first degree murder notwithstanding changes made to the felony-murder rule by Senate Bill No. 1437. (*People v. Gomez*, at p. 376.)

The California Supreme Court granted review and held the matter pending disposition of a related issue in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Shortly thereafter, it expanded review to include issues pending in *Strong*, *supra*, 13 Cal.5th 698. In September 2022, the court transferred the matter back to this court with directions to vacate our decision and reconsider the cause in light of *Lewis* and *Strong*. The parties have filed supplemental briefs; the People in theirs concede the matter should be remanded for further proceedings under section 1172.6 in light of both cases. As we will explain, we agree with this concession, and thus reverse the order and remand with directions set forth below.

## DISCUSSION[3]

### I. *The Law*

Senate Bill No. 1437, effective January 1, 2019, "amend[ed] the felony[-]murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless

---

[3]     Our prior opinions recount the facts of the underlying offense. We need not repeat them here.

indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *Strong*, *supra*, 13 Cal.5th at pp. 707-708.)[4]

Senate Bill No. 1437 also created a procedural mechanism in section 1172.6 for those convicted under the former law to petition the trial court for retroactive relief under the amended law. (§ 1172.6, subd. (a); *Strong*, *supra*, 13 Cal.5th at p. 708.) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citations], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019 . . . .'" (*Strong*, at p. 708, fn. omitted.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Ibid*.)

---

4 Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony-murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

In *Lewis, supra*, 11 Cal.5th 952, the California Supreme Court explained the trial court's role faced with a section 1172.6 petition: Petitioners who request counsel "are entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . ." (*Id.* at p. 957.) "[O]nly *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " (*Ibid.*; see also *id.* at p. 966 ["a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes [its] prima facie determination"].) The court's "prima facie inquiry . . . is limited. . . . ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Id.* at p. 971.) Importantly, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Ibid.*)

If a defendant has made a prima facie showing of entitlement to relief, " 'the court shall issue an order to show cause.' " (*Strong, supra,* 13 Cal.5th at p. 708.) Once the court determines that a defendant has made a prima facie showing, it "must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill [No.] 1437. [Citation.] 'A finding that there is substantial evidence to

5

support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.' " (*Id*. at p. 709.) "Senate Bill [No.] 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life . . . .' " (*Id*. at p. 710.)

In *Strong*, *supra*, 13 Cal.5th 698, the California Supreme Court held that given the clarifications in the law, jury special-circumstance findings issued before *Banks* and *Clark* "do not preclude [a defendant] from making out a prima facie case for resentencing under section 1172.6." (*Strong*, at p. 721.) The court explained: "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue. Our earlier discussion of habeas corpus petitioners who have obtained relief from their felony-murder special circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. . . . A pre-*Banks* and *Clark* special-circumstance finding does not negate [a defendant's prima facie showing under section 1172.6, subdivision (a)(3) that they could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 effective January 1, 2019] because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference

6

requirements." (*Id*. at pp. 717-718.) Nor does a court's later sufficiency of the evidence review amount to the determination section 1172.6 requires. (*Id*. at p. 720.) Accordingly, such findings do not warrant summary denial of a section 1172.6 petition, rather, the matter must proceed to an evidentiary hearing.

## II. Strong *and* Lewis *Compel Remand for Resentencing*

Gomez contends and, as stated, the People concede that reversal of the trial court's summary order is required under both *Lewis* and *Strong*. We agree.

Effective January 1, 2022, the Legislature amended section 1172.6 to codify the holding in *Lewis, supra,* 11 Cal.5th 952 regarding the right to counsel and standard for determining the existence of a prima facie case. (Legis. Counsel's Dig., Sen. Bill No. 775, § 1(b), Stats. 2022 ch. 551 (2021-2022 Reg. Sess.) Summary Dig., p. 94.) Section 1172.6 sets out the timing of briefing on a section 1172.6 petition and now makes clear the court must hold its hearing "[*a*]*fter* the parties have had an opportunity to submit briefings . . . ." (§ 1172.6, subd. (c).[5])

The People acknowledge Gomez filed a petition making out a prima facie case, to which they responded. Gomez requested counsel be appointed, and averred in support of the petition that she believed she qualified for

---

[5]     Subdivision (c) of section 1172.6 provides in part, with January 1, 2022 additions in italics: "*Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the* prosecutor shall file and serve a response. *The* petitioner may file and serve a reply within 30 days after the *prosecutor's* response is served. These deadlines shall be extended for good cause. *After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.*"

resentencing and did not believe she would "be able to be convicted of first or second degree murder because of changes to section 189 made effective January 1, 2019."[6] On June 7, 2019, four days after the People filed their response, the court held the hearing at which it summarily denied Gomez's petition. Though Gomez was represented by counsel at that hearing, ten days later, she filed a reply brief representing herself. At that time, the court indicated it had read and considered Gomez's reply papers, but merely stated the petition had been denied ten days earlier. The court held its June 7, 2019 hearing without giving Gomez an opportunity to submit her reply papers, and later considered those reply papers without appointing counsel for Gomez.

Additionally, the jury's felony-murder special-circumstance findings were made before the high court decided *Banks* and *Clark*. As Gomez contends and the People properly concede, under *Strong*, the findings do not categorically render Gomez ineligible for resentencing. (*Strong*, *supra*, 13 Cal.5th at p. 720.) We therefore vacate the court's order and remand the

---

6    Gomez argued in her petition: "[T]he murder in this case resulted from an attempted robbery of [the victim]. Petitioner's uncharged codefendants were armed, but she had no basis to believe [the victim] would be killed. . . . [¶] . . . [¶] Petitioner was charged as an aider and abettor. There was zero evidence she directly aided and abetted the murder, and it is clear the prosecution proceeded under a felony[-]murder theory. While the prosecution inferred the motive was financial gain, it should be noted the jury did not find that special circumstance true, and the prosecution elected to dismiss it. Thus, a felony[-]murder theory is the only basis for [p]etitioner's murder conviction. . . . Based on . . . [section] 189[, subdivision](e)(3), . . . *Banks*[, *supra*,] 61 Cal.4th 788, . . . *Clark*[, *supra*,] 63 Cal.4th 522, and their progeny, Petitioner did not evince reckless indifference to human life. . . . [M]ere knowledge a codefendant is armed is insufficient to prove reckless indifference."

8

matter for further proceedings consistent with *Strong, Lewis* and section 1172.6. We express no opinion on whether Gomez is entitled to relief.

DISPOSITION

The order is reversed and the matter remanded with directions for the trial court to issue an order to show cause under section 1172.6, subdivision (c) and to hold an evidentiary hearing on Gomez's petition for resentencing.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.